2020-0000081
Carneice Hall-Johnson
650 Eddy Street No. 207
San Francisco, CA 94109
Tel: (415) 567-8182
courtsupport@hcoppllc.community
carneicehj@gmail.com

RECEIVED
2021 OCT -4 P 1:02
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

FILED
OCT 04 2021
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTIRCT OF CALIFORNIA

SAN FRANICSCO DIVISION

VC
CV 21- 7770

| CARNEICE HALL-JOHNSON, | Case No.: _____ |
|---|---|
| Plaintiff, | |
| vs. | INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION |
| CITY AND COUNTY OF SAN FRANCISCO; CHINATOWN COMMUNITY DEVELOPMENT CENTER, | |
| Defendant | |

**Plaintiff Carneice Hall-Johnson, Hereby Complaints and Allege as follows:**

**I.    THE PARTIES**

1.    **(Plaintiff)** Carneice Hall-Johnson, a Negro, resides in San Francisco, and has a physical disability, asthma that impairs and measurably limits a "major life activity", breathing, and Plaintiff has a record of such disability, and is regarded by Golden Gate Regional Center and her treating physicians of having such impairments. Here, Plaintiff is the injured party in this litigated proceeding, suffering tangible and intangible harm, as such mental and emotional distress, statutory injuries economic

1

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

injuries due to becoming homeless due to the intentional discrimination of Defendants. Therefore, Defendants are the actual cause of Plaintiff's injuries, and is a substantial factor of such injuries occurring.

2.     Plaintiff claims that the injuries suffered are particularized and concrete harm, the type of harm that has provided a basis for a lawsuit, on the basis of a traditionally recognized harm meeting Article III Requirement.  Plaintiff claims that she is a member of a protected class, Negro, and she attempted to contract for housing, and housing subsidy services at FIVE88, Plaintiff was denied the right to contract for those services, and such services remained available to similarly situated individuals who were not members of Plaintiff's protected class. Plaintiff also claims that she is a member of a racial minority, she applied for and was qualified to rent the apartment at FIVE88, here Plaintiff was rejected due to her race, and for being a member of a racial minority, as well as for  disability status, and SSI Income, and the rental opportunity, and the Section 42 Tax Credit and LOSP Subsidy remained available thereafter.  See "Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (9th Cir. 1980).

3.     Defendant is City and County of San Francisco, or ("THE CITY")  and is a municipal entity, existing under the laws of the State of California, with the capacity to sue and be sued.  Mayor's Office of Housing and Community Development, or ("MOHCD") is the asset manager of The City and County of San Francisco Housing Stock FIVE88, located at 588 Mission Bay Blvd N, San Francisco, California 94158.

4.     Chinatown Community Development Center, is an affordable housing community professionally management company that manages FIVE88 affordable

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

housing located at 588 Mission Bay Blvd N, San Francisco, CA 94158, for the ("THE CITY") and is part owner of the property. Defendant Chinatown Community Development Center, and ("THE CITY") is part of a "program or activity receiving federal financial assistance" within the meaning of Title VI. Here, Defendants were "acting under color or state law" when they violated Plaintiff's constitutional and other federal rights.  See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). Pro se pleadings must be liberally construed.  See Balisteri v. Pacifica Police Dep't 901 F.2d 696, 699 (9th Cir 1990).

## II. JURISDICTION AND VENUE

5.   This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331; 1334 1367; 2201 and 2202. Venue is proper in this jurisdiction because the acts and omissions complained of herein occurred in the City and County of San Francisco, Northern District of California.

6.   Plaintiff asserts the claims herein pursuant to 42 U.S.C. §1983, 42 U.S.C. Sections 12131 et seq. (the "ADA")  of 1990 (P.L. 101-336) Title II, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq. ("Section 504") P.L. 93-112; P.L. 100-430, the Fair Housing Amendments to the Civil Rights Act of 1988, Civil Rights Act of 1964 Title vi Section 601, the Fifth and Fourteenth Amendments to the United States Constitution.

## III. INTRADISTRICT ASSIGNMENT

7.   A substantial part of the events or omissions that give rise to the claims asserted herein occurred in the City and County of San Francisco, and a substantial

part of the property that is the subject of this action is situated in the City and County of San Francisco.

## IV. FACTUAL ALLEGATIONS

8. <u>On September 22, 2021,</u> Plaintiff received in the mail, an Application/Lottery# 113, and competed for an affordable housing apartment at FIVE88, by filling out and forwarding a rental application with her proof of income from Social Security Administration, Supplemental Security Income, and including the income qualifying income Certification Form for Section 42 Tax Credit Program qualification, with all such qualifying documentation forwarded to FIVE88, who then forwarded the information to the Section 42 Tax Credit and LOSP Compliance Department.

9. On <u>September 22, 2021,</u>

Plaintiff received an email from FIVE88 asking if she received any subsidy. Plaintiff replied no other subsidy than Social Security Income.

10. <u>On September 28, 2021</u>

Plaintiff received a letter dated 09/27/2021, from FIVE88, stating that FIVE88 was unable to approve Plaintiff's application for residency at Five88 for having social security income.

11. <u>On September 28, 2021</u>

Plaintiff called, accompanied by a legal public relations specialist from HCOPP L.L.C. to Chinatown Community Development Center to enquire why Plaintiff's rental application, the Section 42 Tax Credit Certification, and LOSP subsidy were all denied for the apartment rental at FIVE88.

4

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

12. Ken, Manager at Chinatown Community Development Center, answered the call, and told the HCOPP L.L.C., Public Relation Specialist that Plaintiff was denied an apartment, and rental subsidy from Section 42 Tax Credit program and LOSP subsidy program because Plaintiff was disabled, receiving SSI payments, and was black, and only Chinese people, and Chinese speaking people qualified for the Section 42 Tax Credit Program and LOSP subsidy program to participate in housing opportunities, and subsidies at FIVE88 through Chinatown Community Development Center, and The Mayor's Office of Housing And Community Development.

13. <u>On October 3, 2021</u>

Plaintiff Filed a housing discrimination claim against, Chinatown Community Development Center, and the Mayor's Office of Housing and Community Development, or ("MOHCD"), and ('THE CITY") with Department of Fair Employment And Housing, and received right to sue letters.

14. <u>On October 4, 2021</u>

Plaintiff file a claim against ("THE CITY") for discrimination in affordable housing.

15. Plaintiff alleges that she was discriminated against because she has a disability, and is Negro.

16. Plaintiff alleges that Chinese people, and Chines speaking people were treated better than Plaintiff because of their race and not being disabled, or receiving SSI Income. Plaintiff claims that as a result of the intentional discrimination, and the state created danger, Plaintiff is now homeless.

5

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

## V. CAUSE OF ACTION:

## FIRST CASUE OF ACTION:

## (AGAINST ALL DEFENDANTS)

**Violation of Equal Protection 42 U.S.C. Section 1983; U.S. Const. Amend. V/XIV, Violation of Due Process Clauses, "State-Created Danger Doctrine"**

17. Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 17 of this Complaint as though set forth fully herein.

18. By Defendants excluding Plaintiff from participating in the Section 42 Tax Credit Program, and LOSP Subsidy Program on the basis of Plaintiff's race, disability and SSI income statue, this shows that Defendants created the dangerous condition Plaintiff complains of, and that such condition resulted in Plaintiff's injuries. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989); see also, Pauluk v. Savage, 836 F.3d 1117, 1124 (9th Cir. 2016) (Citation omitted).

19. Here, this shows that Plaintiff was treated worse than other similarly situated persons who are not part of the disfavored group Negor, the disable, and those receiving SSI Income. Therefore, Defendants discriminated against Plaintiff because she is disabled, Negro and receives SSI Income.

20. Here, Plaintiff was injured, and seeks damages in the amount of $3,005,000.000.00. Here, Defendants are a substantial factor in causing Plaintiff's injuries.

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

## SECOND CASUE OF ACTION:
## (AGAINST ALL DEFENDANTS)
## THE AMERICAN WITH DISABILITIES ACT ("ADA") OF 1990 (P.L 101-336)
## TITLE II

21.   Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 17 of this Complaint as though set forth fully herein.

22.   Plaintiff is qualified to participate in the services and program, or activities that are provided to individuals in the Tax Credit Section 42 Program, and the ("LOSP") Program in ("THE CITY").

23.   Plaintiff has a physical disability ( Asthma)  that impairs and measurably limits a "major life activity" and Plaintiff has a record of such disability, and is regarded by Golden Gate Regional Center, and her treating physicians of having such a disability.

24.   Here, by Defendants excluding Plaintiff from participating in the Section 42 Tax Credit Program and LOSP Subsidy Program because of her disability, this shows that Defendants violated The ("ADA") of 1990 (P.L. 101-336).

25.   The American With Disabilities Act (ADA) of 1990 (P.L. 101-336) was enacted to give individuals with disabilities the same Civil Rights equal to those accorded to others on the basis of race, sex, national origin, nationality, religion, and age.

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

26. Here, Plaintiff was injured, and seeks damages in the amount of $3,005,000.000.00. Here, Defendants are a substantial factor in causing Plaintiff's injuries.

## THIRD CASUE OF ACTION:
## (AGAINST ALL DEFENDANTS)
### SECTION 504 OF THE REHABILITATION ACT OF 1973 (P.L. 93-112)

27. Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 17 of this Complaint as though set forth fully herein.

28. Plaintiff has a physical disability ( Asthma) that impairs and measurably limits a "major life activity" and Plaintiff has a record of such disability, and is regarded by Golden Gate Regional Center, and her treating physicians of having such a disability.

29. Here, by Defendants excluding Plaintiff from participating in the Section 42 Tax Credit Program and LOSP Subsidy Program because of her disability, this shows that Defendants intended to discriminate on the basis of Plaintiff's disability, and was deliberately indifferent to Plaintiff's disability, by failing to approve Plaintiff for the Section 42 Tax Credit Program, and the LOSP Subsidy program on the basis of Plaintiff's disability.

30. Here, when Plaintiff submitted her qualifying documentation for the Section 42 Tax Credit Program, and the LOSP Subsidy Program, this shows that Defendants had knowledge of a substantial likelihood of harm to Plaintiff's federally

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

protected rights and failed to act by denying Plaintiff's right to participate in such programs and activities.

31. See, T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 466 (9th Cir. 2015). "Deliberate indifference requires that a defendant had knowledge of a substantial likelihood of harm to a federally protected right and failed to act." H. v. Mill Valley Sch. Dist., No. 15-CV-05751-HSG, 2016 WL 3162174, at *3 (N.D. Cal. June 7, 2016) (citations omitted).

32. Section 504 of the Rehabilitation Act of 1973 (P.L. 93-112) "bans discrimination against people with disabilities." The purpose of this law is to protect those with disabilities from discrimination in any setting where federal funding as provided.

33. "A person that has an impairment of either mental/physical areas that measurably limits one or more life activities has, and has a record of such disability, or is regarded by others as having an impairment such as this." Is an intended beneficiary of section 504 of the Rehabilitation Act of 1973 (P.L. 93-112).

34. Here, Plaintiff was injured, and seeks damages in the amount of $3,005,000.000.00. Here, Defendants are a substantial factor in causing Plaintiff's injuries.

**FOURTH CASUE OF ACTION:**
**(AGAINST ALL DEFENDANTS)**

**THE FAIR HOUSING AMENDMENTS TO THE CIVIL RIGHTS ACT (P.L. 100-430) OF 1988**

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

35. Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 17 of this Complaint as though set forth fully herein.

36. Plaintiff has a physical disability ( Asthma) that impairs and measurably limits a "major life activity" and Plaintiff has a record of such disability, and is regarded by Golden Gate Regional Center, and her treating physicians of having such a disability.

37. Here, by Defendants excluding Plaintiff from participating in the Section 42 Tax Credit Program and LOSP Subsidy Program because of her disability, this shows that Defendants intended to discriminate on the basis of Plaintiff's disability, and was deliberately indifferent to Plaintiff's disability, by failing to approve Plaintiff for the Section 42 Tax Credit Program, and the LOSP Subsidy program on the basis of Plaintiff's disability. Here, Plaintiff was injured, and seeks damages in the amount of $3,005,000.000.00. Defendants are a substantial factor in causing Plaintiff's injuries.

38. The Fair Housing Amends To The Civil Rights Act (P.L. 100-430) of 1988 states that " This act is extends to person with disabilities the same Civil Rights and Protections in housing guaranteed to other minority groups. See Brown v. Smith, 64 Cal. Rptr. 2d 301, 55 Cal. App. 4th 767 (Cal. App. 1997). Also see, Konig v. Fair Employment and Housing Commission, 123 Cal. Rptr. 2d 1, 28 Cal. 4th 743, 50 P.3d 718 (cal. 2002).

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

# FIFTH CASUE OF ACTION:
## (AGAINST ALL DEFENDANTS)
**CIVIL RIGHTS ACT OF 1964 TITLE VI SECTION 601 §2000d et. Seq., CALIFORNIA DISABLED PERSONS ACT CAL. CIV. Code §§ 54 et seq.**

39. Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 17 of this Complaint as though set forth fully herein.

40. Here, by Defendants excluding Plaintiff from participating in the Section 42 Tax Credit Program and LOSP Subsidy Program because of her race and disability, this shows that Defendants intended to discriminate on the basis of Plaintiff's race and disability, and was deliberately indifferent to Plaintiff's disability and race, by failing to approve Plaintiff for the Section 42 Tax Credit Program, and the LOSP Subsidy program on the basis of Plaintiff's disability.

41. Here, Defendants violated the Civil Rights Act of 1964 Title VI Section 601 §2000d et. Seq., and Cal. Civ. Code §§ 54 et seq., and California Disabled Persons Act Cal. Civ. Code §§ 54 Et Seq.

42. Section 601 of the Civil Rights Act Of 1964 Title VI §2000d et. Seq., provides that no person shall, on the basis of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by Title VI.

43. Here, Plaintiff was injured, and seeks damages in the amount of $3,005,000.000.00. Here, Defendants are a substantial factor in causing Plaintiff's injuries.

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

## FIFTH CASUE OF ACTION:
## (AGAINST ALL DEFENDANTS)

### 42 U.S.C. SECTION 1981 AND 1982

44.  Plaintiff re-allege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 17 of this Complaint as though set forth fully herein.

45.  Plaintiff claims that she is a member of a protected class, Negro, and she attempted to contract for housing subsidy service at FIVE88, Plaintiff was purposefully denied the right to contract for those services, and such services remained available to similarly situated individuals who were not members of Plaintiff's protected class. Plaintiff claims that her income is 50 percent or less of the area median income (or AMI)"; therefore, she qualifies for the Section 41 tax Credit program.

46.  Section 1981 prohibits racial discrimination in the making and enforcement of private contract. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 475 (2006).

47.  Plaintiff clams that she is a member of a racial minority, she applied for and was qualified to rent an apartment at FIVE88 through the Section 42 Tax Credit Program, and LOSP Subsidy Program, she was rejected due to her race, and the rental opportunity remained available thereafter. See Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (9th Cir. 1980).

48.  "Section 42 is a section of the Internal Revenue Service tax code. ... To qualify for the Low-Income Housing Tax Credit (or LIHTC), a property should have at

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

least 20 percent of the units set aside for renters with an income that's 50 percent or less of the area median income (or AMI)"

49.  Here when Defendants denied Plaintiff the opportunity to contract for Section 42 Tax Credit housing program, and LOSP subsidy program because of racial discrimination in the making and enforcement of a private contract with FIVE88, thereby violating Plaintiff's right to make and enforce a contract with FIVE88, and Section 42 Tax Credit Program, and LOSP Subsidy program.

50.  Here, Plaintiff was injured, and seeks damages in the amount of $3,005,000.000.00.  Defendants are a substantial factor in causing Plaintiff's injuries.

## VI. ISSUE STATEMENT

51.  Under the Rehabilitation Act of 1973 (P.L. 93-112) § 504, and The American With Disabilities Act ("ADA") Of 1990 (P.L 101-336) Title II and California Disabled Persons Act Cal. Civ. Code §§ 54 Et Seq., can the Defendants exclude Plaintiff from participating the Section 42 Tax Credit Program, and the LOSP Program because she is disabled and receives SSI Income?

52.  Under the Civil Rights Act Of 1964 Title Vi Section 601 §2000d Et. Seq., can Defendants exclude Plaintiff from participating in the Section 42 Tax Credit Program and the LOSP Program because Plaintiff is Negor?

53.  Pursuant to The Fair Housing Amendments To The Civil Rights Act (P.L. 100-430) Of 1988, can Defendants exclude Plaintiff from participating in the Section 42 Tax Credit Program and LOSP Subsidy Program because of her disability?

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION

54. Pursuant to 42 U.S.C. Section 1981; 1982, can Defendants deny Plaintiff to make and enforce a contract under Section 42 Tax Credit Program, because of racial discrimination ,and because Plaintiff is a member of a racial minority?

## VII. DEMAND FOR JUDGMENT

55. **WHEREFORE,** Plaintiff prays for judgment against All Defendants, as FOLLOWS:
56. Injunctive/equitable relief in the manner to be determined by law; Cal. Civ. Code Sections 54(a). 51 Cal. Civ. Code Section 54.1 (a)(1).
57. Damages Award of $3,005,000.000.00.
58. Such other and further relief as this Court deems just and proper.
59. And no injunctive relief pursuant to California's Disabled Person Act, at all.

Dated: 10/4/2021        By: _[signature]_

14

INITIAL COMPLAINT FOR DAMAGES AND INJUNCTION