UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 21-cv-07770-SI<br><br>**ORDER GRANTING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 14 |

Defendant City and County of San Francisco ("CCSF") brings the instant motion to dismiss plaintiff's complaint. Dkt. No. 14 (Motion to Dismiss). Pursuant to Local Rule 7-1(b), the Court previously vacated the hearing and decided the motion on the papers. For the reasons stated below, the Court hereby GRANTS CCSF's motion with leave to amend.

**BACKGROUND**

Pro se plaintiff, Carneice Katherine Hall-Johnson, is a "negro" woman who suffers from asthma and lives in San Francisco, CA. Dkt. No. 1 ¶ 1 (Complaint).

The complaint names CCSF as a defendant and states: "Mayor's Office of Housing and Community Development, or ("MOHCD") is the asset manager of The City and County of San Francisco Housing Stock FIVE88, located at 588 Mission Bay Blvd N, San Francisco, California 94158." *Id*. ¶ 3.

The complaint alleges Chinatown Community Development Center ("CCDC"), "is an affordable housing community professionally management company that manages FIVE88 affordable housing … and is part owner of the property." *Id*. ¶ 4. The complaint further alleges

CCDC is "part of a program or activity receiving federal financial assistance within the meaning of Title VI. Here, Defendants were acting under color of state law when they violated Plaintiff's constitutional and other federal rights." *Id*.

On September 22, 2021, Ms. Hall-Johnson received in the mail, and that same day submitted, an application for FIVE88 located at 588 Mission Bay Boulevard North, San Francisco. *Id*. ¶ 8. Plaintiff attached her proof of income from the Social Security Administration, Supplemental Security Income, including the certification form for Section 42 Tax Credit Program qualification, and submitted the application to FIVE88. *Id*. FIVE88 allegedly forwarded plaintiff's information to the Section 42 Tax Credit and LOSP Compliance Department. *Id*. Plaintiff also alleges FIVE88 emailed her inquiring if she received any subsidy. *Id*. ¶ 9. Plaintiff replied saying the only subsidy she received was her Social Security Income. *Id*. ¶ 9.

On September 27, 2021, plaintiff alleges she received a letter from FIVE88, stating it could not approve her application for residency because of her social security income. *Id*. ¶ 10. The next day, plaintiff, with a legal public relations specialist from HCOPP L.L.C., called the CCDC to inquire about the denial of plaintiff's application, including the denial of the Section 42 Tax Credit Certification and LOSP subsidy. *Id*. ¶ 11. Plaintiff alleges a CCDC Manager, Ken, answered the call, and told the HCOPP L.L.C. public relations specialist that plaintiff's application was denied because she "was disabled, receiving SSI payments, and was black, and only Chinese people, and Chinese speaking people qualified for the Section 42 Tax Credit Program and LOSP subsidy program to participate in housing opportunities, and subsidies at FIVE through Chinatown Community Development Center, and The Mayor's Office of Housing and Community Development." *Id*. ¶ 12.

On October 3, 2021, plaintiff filed a housing discrimination claim with the Department of Fair Employment and Housing against CCDC, MOHCD, and the city of San Francisco. *Id*. ¶ 13. The next day, plaintiff submitted a government claim. *Id*. ¶ 14. Plaintiff alleges defendants discriminated against her because of her race and disability, and she is now homeless as a result. *Id*. ¶¶ 15-16.

Plaintiff asserts violations of 42 U.S.C. § 1983 (Due Process and State-Created Danger

Doctrine), the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, the Fair Housing Amendments to the Civil Rights Act of 1988, the Civil Rights Act of 1964 Title VI § 2000, the California Disabled Persons Act (Cal. Civ. Code §§ 54, et seq.), and 42 U.S.C. §§ 1981 and 1982. *Id*. ¶¶ 17-50.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in her favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot

3

be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, the Court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. *Id*. at 296-97.

**DISCUSSION**

Defendant CCSF's motion to dismiss boils down to one argument: plaintiff's complaint fails as to CCSF because it

> does not allege … what conduct by any ***City employees*** forms the basis of [plaintiff's] claims against the City Defendant. Plaintiff alleges only that the City Defendant is the asset manager for FIVE88, but does not allege that the City Defendant owns the property. Nor does it allege that the City Defendant is responsible for CCDC or its agents. Furthermore, the Complaint does not allege how the City Defendant was involved with the denial of her application to FIVE88, or how the City Defendant is liable for any purported discriminatory statements made by the CCDC employee in relation to that application. Consequently, the Complaint fails to clearly allege facts that sufficiently establish liability for the City Defendant.

Dkt. No. 14 at 6.

As currently plead, defendant CCSF is correct, the complaint fails to allege facts establishing CCSF could be liable for race or disability discrimination. Indeed, the complaint does not allege *CCSF*, or CCSF's agents, made any improper statements or took any improper actions. Rather, the complaint only alleges the CCDC manager, Ken, made racist and ableist statements. *Id*. ¶ 12. To survive a motion to dismiss with respect to CCSF, plaintiff must either (1) allege a nexus, or connection, between CCSF and CCDC such that CCSF is liable for the alleged racist and ableist statements and actions of CCDC or (2) allege racist and/or ableist statements made by CCSF employees, representatives, or agents. For example, if plaintiff can allege CCSF owns FIVE88 or that CCDC's actions can be legally imputed to CCSF, her claims are viable.

**CONCLUSION**

Defendant CCSF's motion to dismiss is hereby GRANTED with leave to amend.

**Plaintiff may file an amended complaint on or before March 11, 2022.**

4

**Failure to timely file an amended complaint will result in the claims against CCSF being dismissed without leave to amend.**

**IT IS SO ORDERED**.

Dated: February 8, 2022

_____
SUSAN ILLSTON
United States District Judge