UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 21-cv-07770-SI<br><br>**ORDER GRANTING DEFENDANT CHINATOWN COMMUNITY DEVELOPMENT CENTER'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Defendant Chinatown Community Development Center ("CCDC") brings the instant motion to dismiss plaintiff's Complaint. Dkt. No. 25 (MTD). Pursuant to Local Rule 7-1(b), the Court previously vacated the hearing and will decide the motion on the papers. For the reasons stated below, the Court hereby GRANTS CCDC's motion with leave to amend.

## BACKGROUND

Pro se plaintiff, Carneice Katherine Hall-Johnson, is a "negro" woman who suffers from asthma and lives in San Francisco, CA. Dkt. No. 1 ¶ 1 (Complaint).

The Complaint alleges Chinatown Community Development Center "is an affordable housing community professionally management company that manages FIVE88 affordable housing … and is part owner of the property." *Id.* ¶ 4. The Complaint further alleges CCDC is "part of a program or activity receiving federal financial assistance within the meaning of Title VI. Here, Defendants were acting under color of state law when they violated Plaintiff's constitutional and other federal rights." *Id.*

On September 22, 2021, Ms. Hall-Johnson received in the mail, and that same day submitted,

an application for FIVE88 located at 588 Mission Bay Boulevard North, San Francisco. *Id.* ¶ 8. Plaintiff attached her proof of income from the Social Security Administration, Supplemental Security Income, including the certification form for Section 42 Tax Credit Program qualification, and submitted the application to FIVE88. *Id.* FIVE88 allegedly forwarded plaintiff's information to the Section 42 Tax Credit and LOSP Compliance Department. *Id.* Plaintiff also alleges FIVE88 emailed her, inquiring if she received any subsidy. *Id.* ¶ 9. Plaintiff replied saying the only subsidy she received was her Social Security Income. *Id.* ¶ 9.

On September 27, 2021, plaintiff alleges she received a letter from FIVE88, stating it could not approve her application for residency because of her social security income. *Id.* ¶ 10. The next day, plaintiff, with a legal public relations specialist from HCOPP L.L.C., called the CCDC to inquire about the denial of her application, including the denial of the Section 42 Tax Credit Certification and LOSP subsidy. *Id.* ¶ 11. Plaintiff alleges a CCDC Manager, Ken, answered the call, and told the HCOPP L.L.C. public relations specialist that plaintiff's application was denied because she "was disabled, receiving SSI payments, and was black, and only Chinese people, and Chinese speaking people qualified for the Section 42 Tax Credit Program and LOSP subsidy program to participate in housing opportunities, and subsidies at FIVE through Chinatown Community Development Center, and The Mayor's Office of Housing and Community Development." *Id.* ¶ 12.

On October 3, 2021, plaintiff filed a housing discrimination claim with the Department of Fair Employment and Housing against CCDC, MOHCD, and the city of San Francisco. *Id.* ¶ 13. The next day, plaintiff submitted a government claim. *Id.* ¶ 14. Plaintiff alleges defendants discriminated against her because of her race and disability, and she is now homeless as a result. *Id.* ¶¶ 15-16.

Plaintiff asserts violations of (1) 42 U.S.C. § 1983 (Due Process and State-Created Danger Doctrine), (2) the Americans with Disabilities Act ("ADA"), (3) Section 504 of the Rehabilitation Act of 1973, (4) the Fair Housing Amendments to the Civil Rights Act of 1988, (5) the Civil Rights Act of 1964 Title VI § 2000, the California Disabled Persons Act (Cal. Civ. Code §§ 54, et seq.), and (6) 42 U.S.C. §§ 1981 and 1982. *Id.* ¶¶ 17-50.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in her favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, the Court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. *Id*. at 296-97.

3

# DISCUSSION

## I. Plaintiff's First, Third, and Fifth Causes of Action Must Be Dismissed Because Plaintiff Fails to Allege Defendant CCDC Receives Federal Financial Assistance

Plaintiff's first cause of action is for violation of the Equal Protection Clause under 42 U.S.C. § 1983. Dkt. No. 1 at 6. Her third cause of action is for violation of Section 504 of the Rehabilitation Act of 1973. *Id*. at 8. Plaintiff's fifth cause of action is for violation of Title VI of the 1964 Civil Rights Act. Defendant CCDC argues all of these claims fail because plaintiff fails to adequately plead that CCDC acts under color of state law or receives federal funding. Dkt. No. 25 at 11-12, 14-16. The Court agrees with defendant.

Plaintiff's first, third, and fifth causes of action all require CCDC to act under color of state law or receive federal funding in order for the claims to be adequately pled.[1] The Complaint states, without further support, that CCDC "is part of a 'program or activity receiving federal financial assistance' within the meaning of Title VI." Dkt. No. 1 at ¶ 4. The Complaint does allege plaintiff was excluded from participating in a "Section 42 Tax Credit program and LOSP subsidy program." *Id*. at ¶ 12. However, in the first instance, caselaw makes clear tax credits do not constitute federal funding. *West v. Palo Alto Hous. Corp*., No. 17-CV-00238-LHK, 2019 U.S. Dist. LEXIS 103665, at *70 (N.D. Cal. June 20, 2019) ("[C]ourts have uniformly determined that tax credits do not

---

[1] Elements of plaintiff's first cause of action for violation of the Equal Protection Clause under 42 U.S.C. § 1983: plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Harrison v. Wells Fargo Bank*, N.A., No. 18-cv-7824-WHA, 2019 WL 2085477, at 1 (N.D. Cal. May 13, 2019) (Dismissing 1983 Equal Protection cause of action where plaintiff alleged bank was acting under color of state law serving as an agent of the federal government, processing federal home loan[] applications. These allegations failed to adequately plead defendant was acting under color of state law or received federal financial assistance.); *Single Moms, Inc. v. Montana Power Co*., 331 F.3d 743, 746 (9th Cir. 2003) (The United States Constitution "protects individual rights only from *government* action, not from *private* action.") (emphasis in original).

Plaintiff's third cause of action for violation of Section 504 of the Rehabilitation Act of 1973 requires plaintiff plead discrimination by a "program or activity receiving **Federal financial assistance**." *Consolidated Rail Corp. v. Darrone*, 104 S. Ct. 1248, 1255 (1984) (emphasis added).

Elements of plaintiff's fifth cause of action for violation of Title VI of the 1964 Civil Rights Act: plaintiff must allege (1) the defendant entity engaged in racial discrimination and (2) the **defendant entity receives federal funding assistance**. *Fobbs v. Holy Cross Health Sys. Corp*., 29 F.3d 1439, 1447 (9th Cir. 1994).

constitute financial assistance."). Second, the City and County of San Francisco administers and funds the Local Operating Subsidy Programs ("LOSP"); thus, LOSP is not federal financial assistance. Dkt. No. 25 at 14.

Therefore, for these claims to survive, plaintiff must allege a different theory evidencing CCDC receives federal funding.

As such, the first, third, and fifth causes of action are DISMISSED WITHOUT prejudice.

### II. Plaintiff's Second Cause of Action Must Be Dismissed Because Plaintiff fails to Allege CCDC is a Public Entity

Plaintiff's second cause of action alleges violation of Title II of the Americans with Disabilities Act ("ADA"). To state a claim under Title II, which applies to state and local government entities, plaintiff must allege she: (1) is an individual with a disability; (2) is otherwise qualified to participate in or receive the benefit of **some public entity's services**; (3) was either excluded from participation in, or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Defendant argues the second cause of action should be dismissed because plaintiff has not adequately alleged defendant is a public entity subject to the requirements of Title II of the ADA. Dkt. No. 25 at 13. The only allegations in the Complaint indicating CCDC could be a public entity are those discussed above with respect to CCDC allegedly receiving federal financial assistance. However, as discussed above, those allegations fail.

As such, plaintiff's second cause of action fails to properly allege CCDC is a public entity and must be DISMISSED. While the Court is skeptical plaintiff can cure the defects of this cause of action, she is granted leave to amend.

### III. Plaintiff's Fourth and Sixth Causes of Action Fail Because Plaintiff Fails to Allege Sufficient Facts Showing She Qualified For the Housing Program

Plaintiff's fourth and sixth causes of action are for violations of the Fair Housing

Amendments to the Civil Rights Act of 1988 and 42 U.S.C. §§ 1981 and 1982, respectively. *Id*. ¶¶ 35-38 and 44-50.  Defendant argues both causes of action should be dismissed because plaintiff fails to plead she qualifies for the housing program she applied for, which is a necessary element[2] of both claims.  Dkt. No. 25 at 15-17.  The Court agrees.

Plaintiff sets forth conclusory allegations that she was "qualified to rent the apartment" and was denied housing as a result of her race.  Dkt. No. 1 at ¶ 2.  However, the September 27, 2021 denial letter she received states otherwise.  Plaintiff's Complaint alleges the denial letter stated "FIVE88 was unable to approve Plaintiff's application for residency at Five88 for *having* social security income," however the actual letter is not attached to the Complaint.  Dkt. No. 1 at ¶ 10 (emphasis added).  Defendant presents a copy of the actual September 27, 2021 denial letter[3], which indicates plaintiff's application was denied due to her income being too low.  Dkt. No. 25-1 at 4 ("Your annual household income is below our current minimum income requirement.  Your income is $11,456 and the minimum income for a household is $42,048.").

Because plaintiff has failed to plead with specificity that she qualified for the housing in question, the fourth and sixth causes of action are DISMISSED WITHOUT prejudice.

---

[2] Elements of plaintiff's fourth cause of action for violation of the Fair Housing Amendments to the Civil Rights Act of 1988 are: (1) plaintiff is a member of a statutorily protected class who applied for and (2) was qualified to rent or purchase housing and (3) was rejected although the housing remained available.  *Soules v. U.S. Dept. of Housing and Urban Development*, 967 F.2d 817, 822 (C.A. 2, 1992).
Elements of plaintiff's sixth cause of action for violation of 42 U.S.C. §§ 1981 and 1982 are: (1) plaintiff is a member of a racial minority, (2) plaintiff applied for and was qualified to rent or purchase certain property or housing, (3) she was rejected, and (4) the housing or rental opportunity remained available thereafter.  *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

[3] Defendant requests the Court take judicial notice of the denial letter.  Dkt. No. 25-1. Defendant's request for judicial notice is DENIED as the defendants have not met their burden. However, the Court will consider the denial letter since it is incorporated by reference in plaintiff's Complaint.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (Under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.") (internal quotation marks and citation omitted)).

**CONCLUSION**

For the reasons discussed above, plaintiff's first, second, third, fourth, fifth, and sixth causes of action are DISMISSED WITHOUT prejudice. **Plaintiff shall file an amended complaint on or before July 22, 2022. Failure to do so will result in the dismissal of her complaint WITH PREJUDICE.**

The Court declines to rule on defendant's motion to dismiss with respect to the state court causes of action, because, in the event the federal claims are dismissed, the Court would not have jurisdiction over the state court claims.

**IT IS SO ORDERED**.

Dated:   June 15, 2022

SUSAN ILLSTON
United States District Judge