UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 21-cv-07770-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CCDC'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

Defendant Chinatown Community Development Center ("CCDC") has moved to dismiss the amended complaint in this civil rights action brought by plaintiff Carneice Hall-Johnson, who is representing herself pro se. Dkt. No. 40 ("Mot.").

On October 7, 2022, the Court held a hearing on the motion and ordered the parties to file declarations on the question of whether CCDC received federal funding. The Court indicated that it was inclined to allow the case to move forward if CCDC received federal funding. At the hearing, CCDC represented that it did not receive federal funding. CCDC's counsel subsequently filed a declaration clarifying that "CCDC does in fact receive federal funds for its operations in providing affordable housing to the community."[1] Dkt. No. 47 ¶ 6 ("Sandoval Decl.").

For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART CCDC's motion to dismiss the amended complaint.

---

[1] Plaintiff also filed a declaration and request for judicial notice of several exhibits that she says show that CCDC is a grant recipient of federal financial assistance. Dkt. No. 46. Because the Court does not rely on those exhibits in making today's ruling, the Court will not rule on the request for judicial notice at this time.

**BACKGROUND**

On October 4, 2021, plaintiff filed her complaint alleging she was discriminated against when she applied for subsidized housing. Dkt. No. 1. She alleged discrimination on the basis of race and disability and because she receives Supplemental Security Income. Plaintiff sued (1) the City and County of San Francisco ("San Francisco") and (2) CCDC. The allegations of the complaint are more fully discussed in the Court's prior orders. *See* Dkt. Nos. 24, 37.

In December 2021, San Francisco filed a motion to dismiss. Dkt. No. 14. The Court granted San Francisco's motion with leave to amend but made clear if plaintiff failed to timely file an amended complaint, San Francisco would be dismissed with prejudice. Dkt. No. 24. Plaintiff did not timely file an amended complaint.

In January 2022, CCDC filed a motion to dismiss. Dkt. No. 25. The Court granted CCDC's motion to dismiss, with leave to amend. Dkt. No. 37. The Court found that many of plaintiff's claims required that CCDC acted under color of state law or else that CCDC was a recipient of federal funding, and the Court agreed with CCDC that plaintiff had not adequately alleged this element of her claims.

Plaintiff then timely filed an amended complaint against CCDC. Dkt. No. 38 ("Am. Compl."). Like the original complaint, the amended complaint alleges violations of the following: (1) "Violation of Equal Protection 42 U.S.C. Section 1983; U.S. Const. Amend., V/XIV, Violation of Due Process Clauses, 'State-Created Danger Doctrine;'" (2) Title II of the Americans with Disabilities Act ("ADA"); (3) Section 504 of the Rehabilitation Act of 1973; (4) "The Fair Housing Amendments to the Civil Rights Act (P.L. 100-430) of 1988"; (5) "Civil Rights Act of 1964 Title VI Section 601 § 2000d et seq., California Disabled Persons Act Cal. Civ. Code §§ 54 et seq.;" and (6) 42 U.S.C. §§ 1981, 1982. *Id.* at 6-13.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in her favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

**I.      Federal Funding (Claim One, Claim Three, and Part of Claim Five)**

CCDC moves to dismiss plaintiff's claims on multiple grounds. The majority of CCDC's motion centers on whether plaintiff has adequately alleged that CCDC receives federal financial assistance. CCDC seeks to dismiss Claim One (Equal Protection and Due Process under Section 1983), Claim Three (Section 504 of the Rehabilitation Act), and part of Claim Five (Title VI of the Civil Rights Act) on these grounds. Although CCDC argues that plaintiff has not sufficiently alleged that CCDC receives federal funding, nowhere in its motion does CCDC say that it *does not in fact* receive federal financial assistance. As already noted, counsel for CCDC has since filed a declaration clarifying that "CCDC does in fact receive federal funds for its operations in providing affordable housing to the community." Sandoval Decl. ¶ 6.

3

1   Accordingly, the Court DENIES CCDC's motion to dismiss Claim One, Claim Three, and
2   part of Claim Five (as it relates to Title VI of the Civil Rights Act).

## II.   Title II of the ADA (Claim Two)

CCDC also moves to dismiss plaintiff's claim under Title II of the ADA (Claim Two) on the grounds that CCDC is not a public entity. The Court agrees with CCDC. Title II of the ADA applies to "Public Services." *Zimmerman v. Oregon Dep't of Just.*, 170 F.3d 1169, 1172 (9th Cir. 1999) (citing Americans with Disabilities Act of 1990, Pub.L. No. 101–336, 104 Stat. 327, 327-28 (1990)). Title II states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities **of a public entity**, or be subjected to discrimination by any such entity." *Id.* at 1173-74 (quoting 42 U.S.C. § 12132) (emphasis added). "The term 'public entity' means 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Id.* at 1174 (quoting 42 U.S.C. § 12131(1)(A) & (B)). The Court agrees with CCDC that CCDC is not a public entity within the meaning of Title II of the ADA.

The Court previously dismissed the ADA claim against CCDC, and plaintiff has not been able to fix this claim through amending the complaint. The Court therefore GRANTS CCDC's motion to dismiss Claim Two and dismisses Claim Two with prejudice.

## III.   Fair Housing Amendments Act and 42 U.S.C. Sections 1981 and 1982 (Claims Four and Six)

CCDC again moves to dismiss Claim Four (Fair Housing Amendments Act) and Claim Six (42 U.S.C. §§ 1981 and 1982), arguing that plaintiff has failed to allege adequately that she was otherwise qualified for the housing for which she applied.

### A.   Fair Housing Amendments Act of 1988

The Fair Housing Amendments Act of 1988 bans discrimination in the sale or rental of

4

housing on the basis of, among other protected groups, race or disability.[2] 42 U.S.C. § 3604. The Ninth Circuit "'appl[ies] Title VII discrimination analysis in examining Fair Housing Act discrimination claims.' [Citation.] A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (citing *Gamble v. City of Escondido*, 104 F.3d 300, 304-05 (9th Cir. 1997)). As such, the Ninth Circuit has adapted the *McDonnell Douglas* burden-shifting framework to the Fair Housing Act context. Under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), a plaintiff alleging disparate treatment "must first establish a prima facie case of discrimination[.]" *See Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1053 (9th Cir. 2007) (citation omitted).

> Adapted to this situation, the prima facie case elements are: (1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury.[] Establishing the prima facie case affords the plaintiff a presumption of discrimination. This test does not permit the court to consider rebuttal evidence at the prima facie case stage.

*Harris*, 183 F.3d at 1051.

In the amended complaint, plaintiff describes herself as "a Negro [who] has a physical disability, asthma[,] that impairs and measurably limits a 'major life activity,' breathing . . . ." Am. Compl. ¶ 1. She alleges that she "attempted to contract for housing, and housing subsidy services at Five88," an affordable housing building managed by CCDC. *Id*. ¶¶ 2, 4. She states that after she filled out and forwarded her rental application with proof of income, she eventually "received a letter dated 09/27/2021, from FIVE88, stating that FIVE88 was unable to approve Plaintiff's application for residency at Five88 for having social security income." *Id.* ¶ 10. Plaintiff alleges that the following day she and a public relations specialist called CCDC to enquire why her application was denied. *Id.* ¶ 11. She alleges that Ken, a manager at CCDC, answered the call and said "that Plaintiff was denied an apartment, and rental subsidy from Section 42 Tax Credit program and LOSP subsidy program because Plaintiff was disabled, receiving SSI payments, and was black, and only Chinese people, and Chinese speaking people qualified for the Section 42 Tax Credit

---

[2] The Fair Housing Amendments Act of 1988 "extended the Fair Housing Act's protection against discrimination in the sale or rental of housing to those with disabilities." *Budnick v. Town of Carefree*, 518 F.3d 1109, 1113 n.5 (9th Cir. 2008) (citing Fair Housing Amendments Act of 1988, Pub.L. No. 100—430, § 6(a), 102 Stat. 1619 (1988)).

5

1  Program and LOSP subsidy program . . . ." *Id.* ¶ 12.

2      These allegations suffice to establish a prima facie claim of discrimination under the FHA at the pleading stage. CCDC asks the Court to take judicial notice of a September 27, 2021 letter from Five88 to plaintiff. Dkt. No. 40-1. CCDC did not attach the letter to its request but instead attached a copy of plaintiff's amended complaint. *See id.* Nevertheless, the Court infers that CCDC is referring to the same letter that it attached to its prior motion to dismiss. *See* Dkt. No. 25-1. Although the Court previously found this letter to be incorporated into the complaint by reference, Dkt. No. 37 at 6 n.3, the Court again DENIES CCDC's request for judicial notice. CCDC essentially asks the Court to take judicial notice of a "fact" that goes to the heart of this case: whether CCDC denied plaintiff housing on the basis of income or for an unlawful discriminatory reason. Such a fact is wholly improper for judicial notice. Moreover, the test for a Fair Housing Act claim of discrimination "does not permit the court to consider rebuttal evidence at the prima facie case stage." *See Harris*, 183 F.3d at 1051.

    CCDC further moves to dismiss the FHA claim by arguing that plaintiff has not provided more than conclusory allegations regarding her disability. By CCDC's own description, plaintiff has alleged "that she has a physical disability in the form of Asthma that impairs and measurably limits a 'major life activity,' that she has a record of such disability and is regarded by the Golden Gate Regional Center and her treating physicians of having such a disability." Mot. at 12; *see also* Am. Compl. ¶ 1. Moreover, plaintiff alleges that she is a recipient of Supplemental Security Income. Am. Compl. ¶¶ 2, 8. Taken together, the Court finds these allegations are more than sufficient for plaintiff to have met her burden regarding disability at the pleading stage. Additionally, plaintiff has alleged discrimination on the basis of race as well as disability; race is its own protected class under the Fair Housing Act.

    Defendant's motion to dismiss plaintiff's Fair Housing Amendments Act claim (Claim Four) is DENIED.

### B. 42 U.S.C. Section 1982

In its prior order, Dkt. No. 37, the Court dismissed plaintiff's claim under 42 U.S.C. § 1982 (part of Claim Six) because plaintiff had failed to plead with specificity that she qualified for the housing in question. To establish a prima facie case under Section 1982, a plaintiff must show: "1). that he or she is a member of a racial minority; 2). **that he or she applied for and was qualified to rent or purchase certain property or housing**; 3). that he or she was rejected; and 4). that the housing or rental opportunity remained available thereafter." *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (citations omitted) (emphasis added).

Because qualification to rent or purchase the housing is a requirement of a prima facie case under Section 1982, the Court will GRANT CCDC's motion to dismiss the Section 1982 claim (part of Claim Six) with prejudice. The allegations of the amended complaint are conclusory; that is, plaintiff states that she was "qualified" for the housing she applied for but provides no further details to support this statement. *See, e.g.*, Am. Compl. ¶¶ 2 (stating that plaintiff "applied for and was qualified to rent the apartment"), 8 (stating that plaintiff filled out and forwarded a rental application "including the income qualifying income Certification Form for Section 42 Tax Credit Program qualification, with all such qualifying documentation"); *see also Harrison v. Wells Fargo Bank, N.A.*, No. C 18-07824 WHA, 2019 WL 2085447, at *5 (N.D. Cal. May 13, 2019) (dismissing Section 1982 claim where "plaintiff failed to allege in the complaint sufficient facts showing that she otherwise would have qualified for the loan she applied for had she submitted the requested documentation, that her application was denied due to her race, or that housing remained available thereafter.").

### C. 42 U.S.C. Section 1981

Section 1981, by contrast, "prohibits racial discrimination in the making and enforcement of private contracts." *Harrison*, 2019 WL 2085447, at *2 (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 475 (2006)).[3] As Judge Alsup of this District has noted, other circuits have found that

---

[3] The Court acknowledges that it conflated the elements of a Section 1981 and Section 1982 claim in its prior order. *See* Dkt. No. 37 at 6 n.2.

a prima facie case under Section 1981 in a non-employment context requires a plaintiff to show: "(1) [she] is a member of a protected class, (2) [she] attempted to contract for certain services, (3) [she] was denied the right to contract for those services,' and (4) 'such services remained available to similarly-situated individuals who were not members of the plaintiff's protected class.'" *Harrison*, 2019 WL 2085447, at *3 (citations omitted). The Ninth Circuit has not explicitly adopted the fourth element. *Id.* at *3 n.2 (citing *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006)). To prevail on a Section 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, -- U.S. ----, 140 S. Ct. 1009, 1019 (2020).

Liberally construed, the pro se amended complaint here alleges with sufficient specificity that plaintiff: is a member of a protected class based on her race and disability; attempted to contract with CCDC for affordable housing; and was denied the right to contract for affordable housing. Plaintiff has also sufficiently alleged that such services remained available to similarly-situated individuals who were not members of her protected class through her allegation that a CCDC manager told her that "only Chinese people, and Chinese speaking people" qualified for the federal subsidized housing program opportunities at Five88. *See* Am. Compl. ¶ 12; *Harrison*, 2019 WL 2085447, at *3 (denying motion to dismiss a Section 1981 claim from a pro se complaint where the allegations, "though sparse," alleged that the plaintiff attempted to complete a federal home loan application and was denied the right to do so through a bank manager's racially discriminatory actions). For the reasons stated above in § III.A, the Court is not taking judicial notice of the September 27, 2021 denial letter as proof of the underlying reason why CCDC rejected plaintiff's housing application.

Because plaintiff has adequately alleged the elements for a prima facie case under Section 1981, the Court DENIES CCDC's motion to dismiss the Section 1981 claim (part of Claim Six).

### IV.     California Disabled Persons Act (Part of Claim Five)

The Court previously reserved ruling on CCDC's motion to dismiss plaintiff's claim under the California Disabled Persons Act ("CDPA"), California Civil Code sections 54 et seq. The Court

1 reasoned that, "in the event the federal claims are dismissed, the Court would not have jurisdiction over the state law claims." Dkt. No. 37 at 7.

"The CDPA is concerned solely with *physical* access to public spaces." *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1054 (N.D. Cal. 2012) (citations omitted); *see also Turner v. Ass'n of Am. Med. Colleges*, 167 Cal. App. 4th 1401, 1412 (2008), *as modified on denial of reh'g* (Nov. 25, 2008) (citations omitted). Plaintiff has made no allegations that CCDC denied her physical access to its housing or that her disability of asthma prevents her from accessing the building at Five88 in some way. It does not appear from the amended complaint that plaintiff ever physically visited the housing in question. The CDPA therefore is not an appropriate statute for the type of discrimination claim that plaintiff brings in this case. The Court GRANTS CCDC's motion to dismiss the CDPA claim (part of Claim Five), with prejudice.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART defendant CCDC's motion to dismiss the amended complaint.

The Court **GRANTS** CCDC's motion to dismiss Claim Two (Title II of the ADA), part of Claim Five (CDPA), and part of Claim Six (42 U.S.C. § 1982).

The Court **DENIES** CCDC's motion to dismiss Claim One (Equal Protection and Due Process under 42 U.S.C. § 1983), Claim Three (Section 504 of the Rehabilitation Act), Claim Four (Fair Housing Amendments Act), part of Claim Five (Title VI of the Civil Rights Act), and part of Claim Six (42 U.S.C. § 1981).

**IT IS SO ORDERED**.

Dated: November 1, 2022

_____
SUSAN ILLSTON
United States District Judge

9